**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**TRINA JOYCE BALDWIN**,

Plaintiff,

vs. No. CIV 04-1206 MCA/KBM

**STAN ROUNDS**, **DEBBIE COOPER**, **STEPHANIE WEST**, **GAYLE BRYANT**, **DONNA NELSON**, **HOBBS MUNICIPAL SCHOOLS**, **BOARD OF EDUCATION OF HOBBS MUNICIPAL SCHOOLS**,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff's failure to file a timely or complete response to *Defendants' Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice* [Doc. No. 7] filed on December 29, 2004, and the Court's *Order to Show Cause* [Doc. No. 14] filed on February 3, 2005. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds and determines that grounds exist for granting Defendant's motion and dismissing this action with prejudice.

## I. BACKGROUND

On November 24, 2004, Plaintiff filed a *First Amended Complaint* [Doc. No. 3] alleging that Defendants violated Title VII of the Civil Rights Act and the contract law of the State of New Mexico. Defendants filed and served a motion to dismiss all of Plaintiff's

claims with prejudice on December 29, 2004. [Doc. No. 7.] Memoranda in support of the motion were filed and served on December 29, 2004, and January 6, 2005. [Doc. No. 8, 9.]

D.N.M. LR-Civ. 7.6(a) provides that a response must be served within fourteen (14) calendar days after service of the motion. Plaintiff failed to file or serve a timely response to Defendants' motion within the fourteen (14) calendar-day period prescribed by D.N.M. LR-Civ. 7.6(a), or at any time thereafter. The record does not reflect that Plaintiff has filed or served a motion to extend the deadline for filing a response to Defendants' motion, and Defendants have not indicated their consent to any such extension.

On this record, the Court issued an *Order to Show Cause* [Doc. No. 14] on February 3, 2005, directing Plaintiff to respond in writing by no later than February 14, 2005, and noting that a Rule 16 Scheduling Conference was set for the following day. Plaintiff filed a preliminary and incomplete response to the *Order to Show Cause* on February 7, 2005, claiming delays due to Plaintiff's counsel's health problems and the press of other business, but promising to file a response to the Defendant's *Motion to Dismiss* and the issues raised in the Court's *Order to Show Cause* by no later than February 9, 2005.

No further response from Plaintiff was filed on February 9, 2005, or at any time thereafter. United States Magistrate Judge Karen B. Molzen continued the Rule 16 Scheduling Conference set for February 15, 2005, based on the lack of response from Plaintiff or any other resolution by the parties. The parties have not informed the Court of any settlement, nor does the record reflect any joint request that the Court defer ruling on the pending motion or the *Order to Show Cause.*

## II. ANALYSIS

The Court's *Order to Show Cause* noted that: (1) Defendants Rounds, Cooper, West, Bryant, and Nelson are not proper defendants with respect to Plaintiff's claims under Title VII because this statute does not impose liability on individual employees, see Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); and (2) Defendant Hobbs Municipal Schools is not a proper defendant as to any of Plaintiff's claims because, under New Mexico law, it is the school board rather than the school district that has the capacity to sue and be sued. See N.M. Stat. Ann. §§ 22-1-2(R), 22-5-4(E) (Michie 2004). Plaintiff has failed to come forward with any contrary authority, and thus Plaintiff's Title VII claims against these Defendants will be dismissed with prejudice on these grounds.

The Court's *Order to Show Cause* also noted that Plaintiffs' failure to prosecute this matter or to comply with the rules and orders of this Court may provide grounds for dismissal of Plaintiff's remaining claims. See Fed. R. Civ. P. 16(f), 41(b); Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002); Jones v. Thompson, 996 F.2d 261, 264-66 (10th Cir. 1993); Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). In Gripe, 312 F.3d at 1188, the Tenth Circuit affirmed the dismissal of a civil action with prejudice under facts that are similar to the case at bar. As in Gripe, Plaintiff's counsel has failed to comply with deadlines imposed by the Court's local rules and orders on at least two occasions: once with respect to filing a timely response to Defendants' *Motion to Dismiss*, and again with respect to filing a timely and complete response to the Court's *Order to Show Cause*. Plaintiff's preliminary response of February 7, 2005, is deficient because it fails to address the required

issues and contains a false promise that a more substantive response would be filed on February 9, 2005.

Plaintiff's false promise and failure to respond in a timely and complete manner has "hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." Jones, 996 F.2d at 265. In particular, such failures have thwarted the Court's effort to schedule and complete an initial Rule 16 conference, which is a necessary precursor to the filing of an *Initial Pretrial Report* setting appropriate pretrial deadlines and a trial date. Plaintiff's failures also have thwarted the Court's efforts to provide a timely ruling on the merits of Defendant's motion to dismiss, as Plaintiff has provided no authority to support the proposition that the allegations in the *Complaint* amount to an adverse employment action, see Tran v. Trs. of the State Colls. in Colo., 355 F.3d 1263, 1267 (10th Cir. 2003), an actionable, hostile work environment (rather than "simply a work environment that exhibits the monitoring and job stress typical of life in the real world,") Trujillo v. Univ. of Colo. Health Sciences Ctr., 157 F.3d 1211, 1214 (10th Cir. 1998), or a breach of her employment contract or any covenant implied by that contract, see Swinney v. Deming Bd. of Educ., 117 N.M. 492, 494, 873 P.2d 238, 240 (1994) (noting limits on local school board's contracting authority). Plaintiff was warned that the consequence of such failures would be the dismissal of this action with prejudice. See Ehrenhaus, 965 F.2d at 921.

As in Gripe, 312 F.3d at 1188-89, the dismissal does not unjustly penalize the individual Plaintiff in this case in light of the repeated and documented failure of her chosen

representative. A litigant is bound by the actions of its attorney, and the relative innocence of the litigant in the failure does not constitute grounds for relief. To the extent that Plaintiff would have a meritorious claim but for the misconduct of her attorney, she may pursue a legal malpractice claim. See id.

To allow the present action to proceed with a lesser sanction despite Plaintiff's repeated failures to comply with court-imposed deadlines would not be effective. It also would unduly prejudice Defendants and unduly hinder the Court's ability to manage its docket. In this regard, the Court notes that Congress has imposed mandatory deadlines for the filing and administrative review of Title VII claims, which may effectively preclude Plaintiff from refiling this action if it were to be dismissed without prejudice. See 42 U.S.C. § 2000e-5; Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th cir. 1991). The Court believes such statutory deadlines reflect the view that alleged violations of Title VII should be resolved promptly, see 42 U.S.C. § 2000e-5(f)(5), so that "serious and stigmatizing allegations" against an employer or co-worker are not left to damage the employment relationship and "the reputation of those accused so long as the lawsuit remains pending." Ehrenhaus, 965 F.2d at 921. This factor is especially pertinent here, where Plaintiff allegedly continues to be employed by the institutional Defendant she is suing, and she has a past practice of filing employment claims and allowing them to linger without resolution. See, e.g., Baldwin v. Rounds, No. CIV. 00-1660 JHG (D.N.M. filed Nov. 22, 2000, and voluntarily dismissed May 3, 2000, in response to an order to show cause filed Apr. 5, 2001).

## III. CONCLUSION

After carefully considering the relevant law and applying each of the Ehrenhaus factors to the facts of this case, I conclude that this action must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that *Defendants' Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice* [Doc. No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is dismissed with prejudice.

**SO ORDERED** this 24th day of February, 2005, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**