## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**TRINA JOYCE BALDWIN**,

      Plaintiff,

      vs.                           No. CIV 04-1206 MCA/KBM

**STAN ROUNDS**, **DEBBIE COOPER**,
**STEPHANIE WEST**, **GAYLE BRYANT**,
**DONNA NELSON**, **HOBBS
MUNICIPAL SCHOOLS**, **BOARD OF
EDUCATION OF HOBBS MUNICIPAL
SCHOOLS**,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Reconsideration of Order of Dismissal* [Doc. No. 20] filed on March 4, 2005, and Plaintiff's *Motion for Leave to File Second Amended Complaint* [Doc. No. 21] filed on March 7, 2005.  Having reviewed the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies Plaintiff's motions for the reasons set forth below.

On February 24, 2005, this Court filed a *Memorandum Opinion and Order* [Doc. No. 18] and a *Final Order* [Doc. No. 19] dismissing this action with prejudice.  Computing the period of time in accordance with Fed. R. Civ. P. 6(a), Plaintiff's *Motion for Reconsideration of Order of Dismissal* [Doc. No. 20] was filed within ten days of the Court's *Memorandum Opinion and Order* and *Final Order* [Doc. No. 18 and 19].

"'[R]egardless of how it is styled or construed ..., a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion.'" Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting Vreeken v. Davis, 718 F.2d 343, 345 (10th Cir.1983)).  Grounds warranting relief under this rule "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir.1995)); see Phelps, 122 F.3d at 1324.  A motion under Fed. R. Civ. P. 59(e) does not, however, provide a valid basis "to revisit issues already addressed or advance arguments that could have been raised in prior briefing," or "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete, 204 F.3d at 1012; accord 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* § 2810.1, at 127-28 (1995).

Plaintiff points to no intervening change in the controlling law or new evidence which was previously unavailable.  Rather, Plaintiff asserts that there is an error in the court record regarding the timing of his response to the Court's *Order to Show Cause* [Doc. No. 14].  That *Order to Show Cause* [Doc. No. 14] stated several grounds for dismissal of Plaintiff's *First Amended Complaint* [Doc. No. 3] and directed Plaintiff to "file and serve a written response . . . on or before February 14, 2005, showing cause why this action, including all claims

asserted in her *First Amended Complaint,* should not be dismissed for the reasons stated above and in Defendants' motion papers."

As previously noted in the Court's *Memorandum Opinion and Order* [Doc. No. 18] Plaintiff filed a preliminary and incomplete response to the *Order to Show Cause* on February 7, 2005, claiming delays due to Plaintiff's counsel's health problems and the press of other business, but promising to file a response to the Defendants' *Motion to Dismiss* and the issues raised in the Court's *Order to Show Cause* by no later than February 9, 2005.  No further response from Plaintiff was filed on February 9, 2005, and United States Magistrate Judge Karen B. Molzen continued the Rule 16 Scheduling Conference set for February 15, 2005, based on the lack of response from Plaintiff or any other resolution by the parties at that time.  [Doc. No. 17.]

In her *Motion for Reconsideration of Order of Dismissal* [Doc. No. 20], Plaintiff now claims that her counsel did, in fact, file a timely and complete response to the issues raised in the Court's *Order to Show Cause* [Doc. No. 14] and Defendants' motion papers [Doc. No. 7, 8, 9].  To support this claim, Plaintiff attaches to her motion a number of documents that her counsel allegedly faxed to the Clerk of the Court and/or opposing counsel on February 11, 2005.  These documents include a response to Defendants' motion to dismiss, a motion seeking leave to file a second amended complaint, two fax cover sheets, and a document entitled "transmission verification report."  [Ex. A, B, C, D to Doc. No. 20.]

After reviewing the original Court file in this matter, I find that none of the documents attached to Plaintiff's motion were received by the Court for filing on February 11, 2004.

-3-

Rather, the first time these documents appear in the Court file is on March 4, 2004, when they were attached as exhibits to Plaintiff's motion to reconsider [Doc. No. 20]. Plaintiff's response to the *Order to Show Cause* and Defendants' motion to dismiss, as well as her motion to file a second amended complaint, were not actually filed until March 7, 2005. [Doc. No. 21, 22.]

I further find that the exhibits attached to Plaintiff's motion to reconsider do not show that she timely filed a motion to amend or a response to the issues raised in the Court's *Order to Show Cause* and Defendants' motion papers. On the contrary, such documents evince further violations of the rules of this Court which support the dismissal of this action with prejudice.

"Absent a local rule authorizing the practice, facsimile filings in a federal court are dead on arrival." McIntosh v. Antonino, 71 F.3d 29, 34 (1st Cir. 1995). In the District of New Mexico, there is a local rule governing "emergency filing by facsimile" which provides, in relevant part, that: "A party may, ***upon a showing of good cause, and with prior judicial approval***, file any paper by facsimile. The facsimile must be sent to the Clerk's office and identify the approving judicial officer." D.N.M. LR-Civ. 5.4 (emphasis added).

Based on my review of the record in this case, I find that there is no showing of good cause or judicial approval for facsimile filing, as required under this local rule. While the fax cover sheet submitted with Plaintiff's motion [Ex. C to Doc. No. 20] is addressed to the "clerk" and lists the fax number for the Clerk of the Court in Albuquerque, New Mexico, it does not show good cause or state that prior judicial approval was obtained from any judicial

officer.  Indeed, this fax cover sheet does not even request that any paper be filed or submitted to a particular judge.  Rather, it only contains a checkmark next to the statement: "for your information, hard copy will follow by mail."

Accordingly, none of the documents attached to Plaintiff's motion [Ex. A, B, C, D to Doc. No. 20] qualify as an "emergency filing by facsimile" under D.N.M. LR-Civ. 5.4.  Plaintiff's claim to the contrary is false, and a reasonable inquiry into the requirements of the local rules, as required under Fed. R. Civ. P. 11(b), would have revealed the falsity of this claim to Plaintiff's counsel.  Under the circumstances, Plaintiff's neglect is not excusable.

Documents are only deemed to be filed when they come into the Clerk of the Court's possession by means permitted under Fed. R. Civ. P. 5(e) and the applicable local rules.  Thus, in the case of mailed documents, the filing date is the date on which the documents are actually received by the Clerk of the Court, not the date on which they were mailed.  See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 78 (2d Cir. 2003) (collecting cases).  "Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline."  Torras Herreria y Construcciones, S.A. v. M/V Timur Star, 803 F.2d 215, 216 (6th Cir.1986).  Further, a document is not deemed to be filed merely because it was at some point attached as an exhibit to another filing; the meaning and effect of such an exhibit may be disputed.  See Orsini v. Kugel, 9 F.3d 1042, 1045-46 (2d Cir. 1993).

Based on my review of the original court file in this case, I find that Plaintiff's response and motion for leave to file a second amended complaint were not filed until March 7, 2005.  [Doc. No. 21, 22.]  I further find that Plaintiff neither sought leave of Court to file

these documents out of time nor obtained an extension of time to file them.  On the contrary, Plaintiff promised to file a complete response to the Court's *Order to Show Cause* by February 9, 2005, but did not do so.  [Doc. No. 15.]

The *Motion for Leave to File Second Amended Complaint* attached to Plaintiff's previous motion [Ex. B to Doc. No. 20] and later filed in a different form on March 7, 2005, [Doc. No. 21] violates the rules of this Court in other respects as well.  D.N.M. LR-Civ. 15.1 provides that:  "A proposed amendment to a pleading must accompany the motion to amend."  In addition, D.N.M. LR-Civ. 7.1(a) requires all motions to "state with particularity the grounds and the relief sought."  In this case, Plaintiffs' motion for leave to file a second amended complaint does not attach a copy of the proposed second amended complaint, nor do Plaintiffs' motion papers identify with particularity the nature of the new claim she wishes to add to her pleading.  On the contrary, Plaintiffs' motion only states generically that she wishes to add a claim under 42 U.S.C. § 1983 to allege that Defendants violated her "rights, privileges, or immunities under the Constitution and laws of the United States." [Doc. No. 21.] Because 42 U.S.C. § 1983 is not an independent source of substantive rights, but rather a mechanism for enforcing federal rights conferred elsewhere, claims under this statute necessarily must identify the specific federal rights which the Defendants are alleged to have violated.  See Graham v. Connor, 490 U.S. 386, 393-94 (1989); Reno v. Flores, 507 U.S. 292, 302 (1993);  Dixon v. City of Lawton, 898 F.2d 1443, 1448 (10th Cir. 1990). Plaintiff has not done so here.

Plaintiffs' motion papers also are defective with respect to the amendment of her Title VII claim.  Plaintiff acknowledges and then inexplicably misapplies the law regarding suits against individual employees under Title VII.  The Tenth Circuit has held that "the proper method for a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly." Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996) (emphasis added).  Plaintiff acknowledges this precedent in her belated response to the Court's *Order to Show Cause* [Doc. No. 22], but then seeks to assert Title VII claims against *both* her employer (Defendant Board of Education) *and* a number of individual employees (Defendants Rounds, Cooper, West, Bryant, and Nelson) in her motion for leave to file a second amended complaint. [Doc. No. 21.]  Under these circumstances, an "official capacity" claim against a supervisory employee merely duplicates the existing suit against the governmental employer and is therefore unnecessary.  See generally Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (explaining the meaning of "official capacity").

Aside from such substantive defects, Plaintiffs' motion to amend is also untimely. The liberal standard for amending a pleading under Fed. R. Civ. P. 15(a) does not apply after final judgment is entered unless a party first obtains relief under Fed. R. Civ. P. 59 or 60. See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3rd Cir. 2002) (citing 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1489, at 692-93 (2d ed. 1990)).  Plaintiff has not shown that she is entitled to relief under Fed. R. Civ. P. 59 or 60.  In addition, the Tenth Circuit has recognized that:

"A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.   Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'  [Citation omitted.]

Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (5th Cir.1967)).

The time for pursuing this particular litigation has come to an end due to inexcusable neglect by Plaintiff's counsel.  As noted in the Court's previous *Memorandum Opinion and Order* [Doc. No. 18], Title VII's statutory deadlines reflect the view that alleged violations of this law should be resolved promptly, see 42 U.S.C. § 2000e-5(f)(5), so that "serious and stigmatizing allegations" against an employer or co-worker are not left to damage the employment relationship and "the reputation of those accused so long as the lawsuit remains pending."  Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).  The additional documents that Plaintiff filed after the Court's dismissal of this action do not provide grounds for reopening this case and, instead, only evince further violations of Court rules which provide additional support for that dismissal.  To the extent that Plaintiff could have raised any meritorious claims in this litigation, her remedy at this point is to pursue a separate legal malpractice action against her attorney.  See Gripe v. City of Enid, 312 F.3d 1184, 1188-89 (10th Cir. 2002).

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Reconsideration of Order of Dismissal* [Doc. No. 20] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to File Second Amended Complaint* [Doc. No. 21] is **DENIED**.

**SO ORDERED** this 6th day of April, 2005, in Albuquerque, New Mexico.

_____

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**